IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURA DENTON, an individual,

                    Plaintiff,

      v.

SHRINERS HOSPITAL FOR CHILDREN,
a corporation,

                    Defendant.

3:23-cv-00826-JR

FINDINGS & RECOMMENDATION

RUSSO, Magistrate Judge:

Plaintiff, Laura Denton, brings this action alleging employment discrimination. Before the Court is defendant Shriner's Hospital motion for partial dismissal. For the reasons stated below, the motion is granted.

Plaintiff initiated this action on June 6, 2023, asserting religious discrimination because she was terminated from her job after raising objections to a vaccine requirement based on her belief that available vaccines had been tested on aborted fetal cell lines. The Court granted defendant Shriners Hospital's motion to dismiss on March 12, 2024, and allowed plaintiff to seek leave to amend. Plaintiff sought such leave and on July 30, 2024, the Court found plaintiff properly pleaded a religious discrimination claim and granted leave to amend.

Page 1 – FINDINGS & RECOMMENDATION

Plaintiff filed her first amended complaint on August 6, 2024. Defendant now seeks to dismiss plaintiff's state law religious discrimination claim based on the applicable statute of limitations.

DISCUSSION

In the summer of 2021, defendant announced implementation of a COVID-19 vaccine mandate in its workplace with exceptions for those holding religious beliefs in conflict with taking the vaccine. First Amended Complaint (ECF 25) at ¶ 11. Due to her religious beliefs, plaintiff sought an exemption to the mandate September 30, 2021.  Id. Defendant denied the request on or about October 13, 2021, and terminated plaintiff on October 18, 2021. Id. at ¶ 12.

Plaintiff initiated this action June 6, 2023, (ECF 1) but did not serve defendant until October 24, 2023. (ECF 4). In her amended complaint, plaintiff alleges a claim for religious discrimination under Or. Rev. Stat. § 659A.030.  Defendant asserts the claim is time-barred.

Before initiating the action in this Court, on August 13, 2022, plaintiff pursued administrative remedies with Oregon's Bureau of Labor and Industries (BOLI). (ECF 27-1 at 1.).[1] BOLI issued a right to sue letter on March 8, 2023 noting the right to sue would be lost if an action was not commenced within 90 days. (ECF 27-2).

When exercising supplemental jurisdiction to consider state claims, federal courts turn to state law when addressing statutes of limitations regarding those state claims. Harvey's Wagon Wheel, Inc. v. Van Blitter, 959 F.2d 153, 157 (9th Cir. 1992).  Oregon statute of limitations regarding certain unlawful employment practices is as follows:

(1) Except as provided in subsection (2) of this section:

---

[1] The parties agree the Court may properly consider the BOLI records on this motion to dismiss without converting it to a motion for summary judgment.

(a) A civil action under ORS 659A.885 alleging an unlawful employment practice other than a violation of ORS 243.323, 659A.030, 659A.082, 659A.112 or 659A.370 must be commenced within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed under ORS 659A.820.

(b) A civil action under ORS 659A.885 alleging a violation of ORS 243.323, **659A.030**, 659A.082, 659A.112 or 659A.370 **must be commenced not later than five years after the occurrence of the alleged violation**.

(2) **A person who has filed a complaint under ORS 659A.820**[2] **must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant** under ORS 659A.880. This subsection does not apply to a complainant alleging an unlawful practice under ORS 659A.145 or 659A.421 or discrimination under federal housing law.

Or. Rev. Stat. § 659A.875 (emphasis added).

In Oregon, when the plaintiff serves the defendant within 60 days of filing the compliant, the action "shall be deemed to have been commenced upon the date on which the complaint in the action was filed." Or. Rev. Stat. § 12. 020(2). However, if a plaintiff fails to serve the defendant within 60 days from the date of filing the complaint, "an action shall be deemed commenced ... when the complaint is filed, and the summons served on the defendant[.]" ORS 12.020(1). Accordingly, plaintiff did not commence this action against defendant until more than 90 days after receiving the BOLI right to sue letter when she finally served defendant on October 24, 2023.

Defendant asserts the failure to commence this case against it within the 90-day period noted in the letter, requires dismissal of the claim for failure to timely commence this action. Plaintiff asserts that because she commenced this action against defendant within five years, it is timely and the Oregon Legislature merely intended the 90-day limitation noted in Or. Rev. Stat. § 659A.875(2) to elongate that period if the right to sue letter comes after the five-year period runs.

---

[2] Or. Rev. Stat. § 659A.820 permits an aggrieved person to file a complaint with BOLI.

Page 3 – FINDINGS & RECOMMENDATION

In construing an Oregon statute, the federal court's role is to "interpret the law as would the [Oregon] Supreme Court." Powell's Books, Inc. v. Kroger, 622 F.3d 1202, 1209 (9th Cir. 2010) (quoting Planned Parenthood of Idaho, Inc. v. Wasden, 376 F.3d 908, 925 (9th Cir. 2004)). According to the Oregon Supreme Court, the first step in statutory construction is "an examination of text and context." State v. Gaines, 346 Or. 160, 171 (2009). The second step is to consider "pertinent legislative history that a party may proffer," even if there is no ambiguity in the statutory text. Id. at 172. Finally, "[i]f the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." Id.

Or. Rev. Stat. § 659A.875 unambiguously permits the filing this unlawful employment action up to five years after the occurrence of the alleged violation and just as unambiguously sets a 90-day period following issuance of a right to sue letter commencing an action if the complainant chooses to pursue a BOLI action. Despite the clarity in the statute, plaintiff offers purported legislative history from a February 2019 letter offered to the Senate Committee on Workforce from attorney Dana Sullivan to suggest a different intent. At the time, the legislature was considering amending the limitations period from one to five years and plaintiff argues the letter shows she may bring her claim up to five years after the alleged violation even when more than 90 days have passed after issuance of the right to sue notice.[3] The letter states in part:

---

[3] Plaintiff also makes much of a change in language regarding the general limitation period from "**within** one year of the occurrence" in the prior version to "**not later** than five years" in the 2019 revised statute. Plaintiff suggests this shows the Legislature's intent to adopt the Daniel interpretation (see infra) of the pre-2019 version of the statute. The Court fails to see how this suggests an intent to elongate the limitations period rather than set a strict 90-day limit following issuance of a right to sue letter. Moreover, plaintiff suggests the section relating to actions against public bodies in Or. Rev. Stat. § 659A.875(6)(b) with the language "A civil action under ORS 659A.885 alleging a violation of ORS 659A.030 … must be commenced not later than five years after the occurrence of the alleged violation unless a complaint has been timely filed under ORS 659A.820" suggests the legislature had an intent to ensure a minimum of five years to pursue actions given that the words "unless a complaint has been timely filed under ORS 659A.820" do not appear in Or. Rev. Stat. § 659.875(1)(b). However, the section applicable in this case does include the reference to the exception when a plaintiff pursues a BOLI action in subsection (2) as noted above.

Page 4 – FINDINGS & RECOMMENDATION

I am an Oregon attorney in private practice who specializes in employment law. I am also a member of the Oregon Trial Lawyers Association (OTLA), and a former president and board member of the organization. For 25 years, I have represented individuals who have been subjected to unlawful discrimination at work. Over the years, my clients have included countless women who have been subjected to sexual harassment in the workplace. I am well aware of the pressures and fears that prevent women from reporting harassment, as well as the challenges faced by those brave enough to come forward. I am also keenly aware of the obstacles that interfere with the ability of victims of sexual harassment to attain a remedy for the economic and emotional harm that such conduct causes.

I write in support of SB 726, which enhances in important ways the protections available to those who have been subjected to discrimination in the workplace.

…

SB 726 provides a more realistic timeframe for victims of unlawful discrimination and harassment to pursue a remedy, recognizing that it often takes victims more than a year to gather the nerve to come forward. It also ensures that employees who first provide their employer the opportunity to address the problem do not unwittingly lose the right to pursue their claim with the Bureau of Labor and Industries or in court due to the passage of time.

(ECF 30-1).

This letter does not address the 90-day limit after initiating administrative remedies through BOLI. Indeed, the letter suggests that the reason for extending the limitations period is inapplicable in such an instance given that the nerve to come forward has actualized and the evidence gathering power of BOLI utilized.

Prior to adoption of the five-year period in 2019, it appears only one court addressed the 90-day limitation exception issue. In Daniel v. Oregon Health & Scis. Univ., 262 F. Supp. 3d 1079 (D. Or. 2017) the Court determined the 90-day limit for cases involving BOLI complaints, must be filed within one year from the allegedly unlawful conduct, or within 90 days from the date of an BOLI right to sue letter, whichever is longer.[4]

---

[4] In Daniel, the court distinguished two Oregon District Court decisions dismissing lawsuits filed more than 90 days after BOLI mailed right to sue notices but within one year after the allegedly unlawful conduct, because those courts had not considered the argument that the 90-day period in Or. Rev. Stat. § 659A.875(2) functions only to extend the one-year period in subsection (1). See 262 F. Supp. 3d at 1086 (citing Rinallo v. Capsa Sols., LLC, 222 F. Supp. 3d 927, 928, 931 (D. Or. 2016); Montgomery v. City of Portland Fire & Rescue, 2009 WL 1329850, at *2, *5 (D. Or.

Page 5 – FINDINGS & RECOMMENDATION

After passage of the amendment extending the limitations period from one to five years, but before it became effective, another Court addressed the issue finding the 90-day limit bars an action even if brought within the one-year general limitations period:

> The statutory context reinforces this conclusion. Subsection (2) of O.R.S. 659A.875 cross-references O.R.S. 659A.880, which requires BOLI to send 90-day notice letters if the agency dismisses a complaint within one year or has not resolved the complaint one year after it was filed. See O.R.S. 659A.880(1)–(2) (2017). This section further clarifies that the 90-day period after a right-to-sue notice is mailed provides the sole deadline for filing lawsuits by individuals who originally filed complaints with BOLI:
>
> > A 90-day notice under this section must be in writing and must notify the complainant that a civil action against the respondent under O.R.S. 659A.885 may be filed within 90 days after the date of mailing of the 90-day notice, and that *any right to bring a civil action against the respondent under O.R.S. 659A.885 will be lost if the action is not commenced within 90 days after the date of the mailing of the 90-day notice.*
>
> O.R.S. 659A.880(3) (2017) (emphasis added).
> Plaintiff's interpretation of the 90-day period under O.R.S. 659A.875(2)—that it functions only to extend the one-year deadline for filing a lawsuit—conflicts with the content of BOLI's 90-day notice letters, as statutorily required under O.R.S. 659A.880(3). See id. At oral argument, Plaintiff maintained that there is no way to harmonize O.R.S. 659A.880(3) with O.R.S. 659A.875(1) and (2). Plaintiff argues that to read O.R.S. 659A.875(2) and O.R.S. 659A.880(3) as allowing only 90 days to file a lawsuit, regardless of whether one year has elapsed since the conduct at issue, is to ignore O.R.S. 659A.875(1). This Court disagrees. As noted above, O.R.S. 659A.875(1) specifies twice that the one-year period is subject to the exception under subsection (2) if an individual has filed a BOLI complaint. See O.R.S. 659A.875(1) (2017). Reading O.R.S. 659A.875(2) and O.R.S. 659A.880(3) as allowing 90 days to file a lawsuit after BOLI mails a right-to-sue notice thus creates no conflict with O.R.S. 659A.875(1).
> The legislative history provided by Defendant further supports this conclusion. See Decl. of Paul Buchanan in Opp'n to Pl.'s Mot. for Certification to Or. Sup. Ct. ("Buchanan Decl. 2"), Exs. C, D, ECF 11-1; see also Gaines, 346 Or. at 172 (instructing that "a party is free to proffer legislative history to the court, and the court will consult it after examining text and context, even if the court does not

---

May 8, 2009)). Daniel also cited with approval dicta from two decisions that suggested Or. Rev. Stat. § 659A.875(2) simply extends the one-year period in subsection (1). See 262 F. Supp. 3d at 1086 (citing Bieker v. City of Portland, 2016 WL 3769753, at *6 (D. Or. July 14, 2016); Campbell v. Knife River Corp.-Nw., 783 F. Supp. 2d 1137, 1148 (D. Or. 2011)). However, Bieker and Campbell are distinguishable. In Bieker, the plaintiff filed his lawsuit within 90 days after BOLI sent a right to sue notice. 2016 WL 3769753, at *6–7. Under those circumstances, the 90-day period does function to extend the statute of limitations. See Williams, 298 Or. at 509 (1985). In Campbell, the plaintiff had not filed a BOLI complaint, so the 90-day period was inapplicable. See 783 F. Supp. 2d at 1148.

Page 6 – FINDINGS & RECOMMENDATION

perceive an ambiguity in the statute's text"). Beginning in 1999, the Oregon Law Commission ("OLC") spearheaded an effort to reorganize the civil rights laws administered by BOLI, creating chapter 659A of the Oregon Revised Statutes. See Buchanan Decl. 2, Ex. C at 3–4, ECF 11-1 at 45–46; see also McLaughlin v. Wilson, 365 Or. 535, 544 (2019) (discussing these amendments). The OLC formed a Civil Rights Workgroup to draft the amendments. Buchanan Decl. 2, Ex. C at 4, ECF 11-1 at 46. A June 12, 2000 memorandum from this workgroup acknowledges that filing a complaint with BOLI can shorten the otherwise-applicable one-year period for filing a lawsuit. See Buchanan Decl. 2, Ex. D at 5 n.7, ECF 11-1 at 53 ("It is difficult to understand why a complainant would ask for a dismissal [from BOLI], since the only effect of such a request would be to cause the issuance of a 90-day notice and a shortening of the time during which the complainant could bring a civil action."). This legislative history underscores that this Court's interpretation of O.R.S. 659A.875 is consistent with legislative intent.

In light of the statute's text, context, and legislative history, this Court concludes that a party that files a BOLI complaint must file a lawsuit within 90 days of BOLI mailing a right-to-sue notice. [footnote omitted] This Court recognizes that the court reached a different conclusion in Daniel. See 262 F. Supp. 3d at 1086–87. However, that decision did not address the statutory context provided in O.R.S. 659A.880(3) or the legislative history that Defendant has presented in this case. See id. Because the statute and statutory context in this case are clear, and are supported by legislative history, this Court exercises its discretion and declines to certify interpretation of O.R.S. 659A.875 to the Oregon Supreme Court. See W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp., 311 Or. 361, 368–69 (1991).

Opinion and Order dated April 15, 2020, Leland v. Supervalu Wholesale Operations, Inc., Case No. 3:19-cv-2076-IM at pp. 8-11.

After the new five-year period amendment took effect, Courts appear to have uniformly found the 90-day limit following notice of right to sue from BOLI prohibits an action commenced after the 90-day period but before the expiration of five years from conduct of which a plaintiff complains. See Miller v. St. Charles Health Sys., Inc., 2024 WL 2785400, at *3 (D. Or. May 30, 2024); Craven v. Shriners Hosps. for Child., 2023 WL 5237698, at *4 (D. Or. Aug. 15, 2023); Bulek v. Kaiser Found. Hosps., 2024 WL 1436134, at *2 (D. Or. Apr. 3, 2024); Johnson v. Allergy & Asthma Ctr. of S. Oregon, PC., 2024 WL 733943, at *3 (D. Or. Feb. 2, 2024), report and recommendation adopted, 2024 WL 728831 (D. Or. Feb. 22, 2024)). After reviewing the text and

Page 7 – FINDINGS & RECOMMENDATION

context of the statute and the legislative history both pre- and post-2019 amendment, this Court agrees that the failure to meet the 90-day deadline for commencing an action post issuance of the BOLI right to sue letter bars the claim.[5]  Accordingly, defendant's motion to dismiss plaintiff's state law religious discrimination claim is granted.

CONCLUSION

Defendant's motion to dismiss plaintiff's first claim for relief (ECF 26) should be granted and the Court should dismiss plaintiff's first claim for relief.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 2nd day of December, 2024.


_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge


---

[5] Because this Court concludes that the Legislature's intent is clear, it is not necessary to resort to "general maxims of statutory construction" in interpreting the statute. Gaines, 346 Or. at 172.

Page 8 – FINDINGS & RECOMMENDATION