IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LAURA DENTON, an individual, | 3:23-cv-00826-JR |
| Plaintiff, | |
| | ORDER |
| v. | |
| SHRINERS HOSPITAL FOR CHILDREN, a corporation, | |
| Defendant. | |

RUSSO, Magistrate Judge:

      Plaintiff, Laura Denton, brings this action alleging employment discrimination. On June 30, 2025, the Court granted defendant's motion to compel and ordered plaintiff's counsel to pay defendant's reasonable attorney's fees and costs incurred in bringing the motion. (ECF 44). The parties were unable to agree on an appropriate fee amount, and defendant now moves the Court to assess fees in the amount of $15,192 for fees incurred reviewing plaintiff's responses to the discovery request and preparing the motion to compel. Defendant also seeks $6,744 in fees related to bringing the fee application itself. For the reasons stated below the fee application is granted in the amount of $21,936.

Page 1 –ORDER

As the Court previously noted, plaintiff's counsel failed to offer substantial justification (or any justification) for the failure to provide the requested discovery.[1] Thus, payment of fees incurred in making the motion is justified under Fed. R. Civ. P. 37(a)(5). Defendant, as the party seeking fees, has the burden of showing that time spent by its attorneys was reasonably necessary. Gates v. Deukmajian, 987 F.2d 1392, 1397 (9th Cir. 1992); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness, defendant must document the hours spent on the litigation and provide evidence supporting those hours. Gates, 987 F.2d at 1397. Plaintiff, as the party opposing the fees, must then rebut defendant's evidence by "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Id. at 1397-98.

In determining the reasonableness of fees, the court is not required to respond to each specific objection. Id. at 1400. Rather, all that is required is a "concise but clear" explanation supporting the fee award.

Calculating a reasonable attorney's fee involves a two-pronged approach. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888 (1984). This lodestar figure is presumed to represent an appropriate fee. Under certain circumstances, however, a court may adjust the award upward or downward to account for the Kerr factors not subsumed within

---

[1] In responding to the fee application, plaintiff's counsel makes a belated attempt to argue that objections to discovery based on the attorney-client privilege were substantially justified. Simply because the Court allowed plaintiff to review text messages for attorney-client privilege and now that counsel has actually reviewed them well-after responses to their request were due, does not suggest plaintiff's discovery failures were substantially justified. Indeed, plaintiff has yet to even provide a privilege log regarding these text messages.

the initial lodestar calculation. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988).[1]

Reasonable hourly rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation. Blum, 465 U.S. at 897. Blum instructs courts to look at the prevailing market rates in the relevant market. Id. at 895, n. 11. The fee claimant must demonstrate that the number of hours spent was reasonable and that counsel made a good faith effort to exclude excessive, redundant, or unnecessary hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Defendant seeks the following for fees related to the motion to compel:

| Name | Number of Hours | Fees |
|---|---|---|
| Sarah Ames Benedict | 1.1 | $1,072.50 |
| Christopher Byer | 13.5 | $10,260.00 |
| Olivia Munson | 1.8 | $1,170.00 |
| Jandee Wallis | 3.9 | $2,125.50 |
| Erika Buck | 1.2 | $564.00 |
| **TOTAL** | **21.5** | **$15,192.00** |

Defendant also seeks the following for bringing this motion:

---

[1] The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results obtained. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

Page 3 –ORDER

| Name | Number of Hours | Fees |
|---|---|---|
| Sarah Ames Benedict | 1.1 | $1,072.50 |
| Christopher Byer | 0.9 | $684.00 |
| Kathy Dent | 5.7 | $4,987.50 |
| **TOTAL** | **7.7** | **$6,744.00** |

A.      Hours Expended

Plaintiff's counsel objects to defendants' time spent on conferral, for more than five hours spent on the motion to compel, for time spent on discovery review, and for time spent on duplicative work.[2]

1.      Average Time

Plaintiff's counsel argues that reasonable time spent on discovery motions is about two to five hours with a reasonable fee of about $2,000 to $5,000 and cites cases without explanation as to how they relate to plaintiff's dilatory discovery failures in this case. In this case, defendant demonstrates ongoing discovery violations involving failure to adhere to deadlines, providing incomplete/insufficient responses, making untimely objections, failing to respond to conferral attempts, and, in general, litigating in a manner that unnecessarily and repeatedly increases the cost of litigation and time spent on the case. Plaintiff's counsel has repeatedly demonstrated in this and other cases before the Court, anything but garden-variety discovery violations that justify only run-of-the-mill sanctions.

2.      Conferral Time and Discovery Review

As alluded to above, the discovery violations are not merely related to unjustified objections to discovery requests, but abuse of the conferral process itself which forms in part the

---

[2] Plaintiff's counsel also asserts financial hardship and a limited ability to pay. However, counsel's repeated dilatory and unjustified positions in this, and other similar cases demonstrates the need for a monetary sanction.

Page 4 –ORDER

need to repeatedly resort to the Court's assistance to resolve discovery disputes. Plaintiff's counsel often fails to adhere to deadlines and unjustifiably increased the amount of time necessary to confer regarding the discovery deficiencies. Accordingly, it is necessary for the Court to sanction counsel by requiring reimbursement of this conferral time.

Plaintiff complains defendant "appears" to be seeking fees for discovery review which is just a normal cost of litigation. As noted above, plaintiff's dilatory tactics and unjustified objections are the reason a sanction is necessary in this case and thus, the need to reimburse defendant for costs related for such discovery violations.

### 3.     Duplicative Work

Plaintiff's counsel objects to time spent by multiple attorneys with different levels of experience working on discovery in this case. Defendant presents a reasonable explanation that the work of multiple attorneys reflects sensible staffing and a strategic division of work among timekeepers at various experience levels to maximize efficiency through what was an unnecessarily convoluted discovery process due to the misconduct of plaintiff's counsel. The application reveals the bulk of the work was handled by one attorney, Christopher Byer. (ECF 54, at 9). While other attorneys and a paralegal were involved, the work of two of those attorneys (Sarah Ames Benedict and Olivia Munson) and the work of paralegal Erika Buck was de minimis at less than two hours each. Id. As the partner staffed on this case, attorney Benedict's involvement was limited to high-level strategy and review of final work product, while attorney Munson (a junior attorney) provided support with initial analysis of plaintiff's discovery responses and paralegal Buck handled document management. The Court finds the division of work reasonable in this case.

B.     Rates

Plaintiff's counsel complains that some other courts in other districts at other times have founds rates of $450 to $500 is on the high end of reasonable. Defendants submit data regarding the Portland area for this practice area demonstrating that fees have increased between 2% and 6% annually and that the 2022 Oregon Bar Economic survey demonstrates high-end rates applicable to the moving attorneys as follows: Benedict: Partner with 16 years of litigation experience seeking $975, fees ranging from $774 to over $900 with inflation; Dent: Of Counsel with about 30 years' experience seeking $865, fees ranging from $798 to over $900 with inflation; Byer: Senior Associate with 7 years' experience seeking $760, fees ranging from $486 but $774 in the litigation practice area and around $557 to $950 with inflation; Munson: mid-level associate with four years' experience seeking $650, fees ranging from $589 based on experience and inflation and up to $950 for the practice area; Willis: Junior Associate with 1 year experience seeking $545, fees ranging from $538 to $640 with inflation. (ECF 55-7, 66 at p. 3, n.2) While the requested rates are on the high end, plaintiff presents no evidence to suggest corporate clients like defendant are not paying these rates for work in this practice area.

In addition, defendant seeks a rate of $470 for the work by paralegal Buck. Defendant presents evidence demonstrating paralegals with Buck's experience (more than 20 years in complex litigation) routinely charge up to $560. Again, this rate is reasonable for Portland. Accordingly, the Court awards defendant $15,192 for work related to the motion to compel.

With respect to fees requested for the fee petition itself, plaintiff's counsel suggests it should have been nothing more than a "plug-and-play" document and the fee request is therefore

excessive. The Court finds that 7.7 hours spent on the petition is reasonable. Accordingly, the Court awards $6,744 to defendant for counsels' work on the fee application.

## CONCLUSION

Defendant's motion for attorney fees (ECF 54) is granted in the amount of $21,936 assessed against plaintiff's counsel Caroline Janzen and Paul Janzen.

DATED this 16th day of September, 2025.

                                       /s/ Jolie A. Russo
                                       Jolie A. Russo
                            United States Magistrate Judge